FRANCIS J. CARR AND MARGARET B. CARR, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Carr v. Commissioner
Docket Nos. 22625-84, 39265-84, 39322-84
United States Tax Court
T.C. Memo 1992-468; 1992 Tax Ct. Memo LEXIS 485; 64 T.C.M. (CCH) 529; August 18, 1992, Filed *485 Decisions will be entered under Rule 155. For Petitioners: K. Daryl Perry. For Respondent: Anthony S. Gasaway and David G. Hendricks. WHALEN
WHALEN
MEMORANDUM OPINION WHALEN, Judge: By notices of deficiency, respondent determined the following deficiencies in petitioners' income tax and additions to tax: Taxable
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1977
$  2,024.00
$    290.00
$   101.00
1978
64,622.00
15,905.00
3,231.00
1980 [1]
2,268.06
567.00
113.40
1980 [2]
1,664.52
416.15
83.23
All statutory references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. By amendment to the petition, petitioners were also allowed to raise issues with respect to the years 1979 and 1981, insofar as such issues would affect claimed net operating loss carryovers into the years which are before the Court. All other issues having been settled between the parties, it remains only for the Court to decide: a. Whether petitioners are liable for additions to tax under section 6651(a)(1) *486 for the years 1978 and 1980, as determined by respondent; and b. whether petitioners are liable for additions to tax under section 6653(a), for the same years, as determined by respondent. Respondent has conceded the deficiency for 1977, as well as the additions to tax for that year. The parties have agreed to the applicable deficiencies for the years 1978 and 1980. At the time of filing their petition herein, petitioners, husband and wife, were residents of the State of Oklahoma. Petitioners were aware of their responsibility and liability for filing Federal income tax returns, and the record shows that they did so, at least for the years 1972, 1973, and 1976. In 1977, petitioners went into voluntary bankruptcy under Chapter XII of the Bankruptcy Code. The bankruptcy case continued until it was closed and petitioners were discharged therefrom in 1981. During this period, petitioners filed no income tax returns -- that is to say, for the years 1977, 1978, and 1980. After the close of the bankruptcy proceeding noted above, petitioners retained the services of Mr. Robert G. Steele of Missoula, Montana, and he prepared joint income tax returns for them for the years 1977 *487 and 1978. The joint return for 1977 was filed on August 25, 1982, and the joint return for 1978 was filed on October 26, 1982. No tax returns for the year 1980 were filed by petitioners. For 1978, as well as for 1980, respondent determined that additions to the tax were due from petitioners under the provisions of section 6651(a)(1), as well as under section 6653(a). Petitioners had not applied for or secured any extension of time from respondent which would extend the due date for filing of these returns. The pertinent Code provisions provide, in relevant part: SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax. -- In case of failure -- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which *488 such failure continues, not exceeding 25 percent in the aggregate; * * * * SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income, Gift, or Windfall Profit Taxes. -- (1) In general. -- If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, * * * is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. The burden of proof is on petitioners to show that their failure to timely file tax returns for 1978 and 1980 was due to reasonable cause and not to willful neglect. ; . Likewise, the burden of proof is on petitioners to show that their 1978 return, and their failure to file at all in 1980, was not due to negligence or intentional disregard of rules and regulations. ; . As to both of the *489 additions to tax at issue in these cases, we hold that petitioners have failed to meet their burden of proof. Other than their vague and self-serving testimony at trial, there is no evidence that petitioners' attorney in the bankruptcy proceeding (they had no other attorney) was retained for any other purpose than to represent them in the bankruptcy. The attorney did not advise them about filing tax returns, and petitioners apparently did not ask him about it. There is no evidence that the judge in the bankruptcy proceedings ever gave petitioners any advice with respect to filing their tax returns or, indeed, that petitioners ever asked him about it. Moreover, in , the Supreme Court said: The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not "reasonable cause" for a late filing under § 6651(a)(1). * * * After the bankruptcy ended in 1981, and after petitioners apparently realized that they should have filed tax returns for the prior years, they then turned to a certified public accountant in Missoula, Montana, Mr. Robert G. Steele, *490 rather than going back to the attorney who had represented them in the bankruptcy and who had prepared their return for the year 1976. Although there was testimony that some records were supplied to this CPA, there was no showing that the records which petitioners supplied to him were adequate or accurate for the purpose of preparing the returns for 1978 and 1980. It is conceded that the 1978 return which this CPA prepared contained many errors and there is no explanation at all as to why a return for 1980 was not filed. Notably, Mr. Steele did not testify herein as to the adequacy and accuracy of the records which had been furnished to him for the preparation of petitioners' returns. Petitioners' failure to call this important witness to testify must count against them, both on the question of reasonable reliance under section 6651(a)(1), as well as lack of negligence under section 6653(a). , affd. . The scanty evidence which was presented in this case indicates only that petitioners were very casual in carrying out their responsibility to file returns, *491 as well as with respect to the adequacy and accuracy of the material which they provided to the professional who was supposed to prepare them. Upon this record, we must uphold the determination of respondent that additions to tax under sections 6653(a)(1) and 6653(a) are due from petitioners for the years 1978 and 1980. Decisions will be entered under Rule 155. Footnotes
1. Cases of the following petitioners are consolidated herewith: Francis J. Carr, docket No. 39265-84; Margaret Carr, docket No. 39322-84.↩
1. Francis J. Carr only. ↩
2. Margaret B. Carr only.↩